Date Signed:
March 17, 2014



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>ROBERT N. MORAN,<br>Debtor and<br>Debtor-in-Possession | Case No. 10-03696<br>(Chapter 11)<br><br>Confirmation Hearing<br>Date:   February 10, 2014<br>Time:   2:00 p.m.<br>Judge:  Hon. Robert J. Faris |

FINDINGS OF FACT AND CONCLUSIONS OF LAW CONFIRMING
DEBTOR'S FIFTH AMENDED CHAPTER 11 PLAN
OF REORGANIZATION DATED AS OF OCTOBER 25, 2013

The hearing to consider confirmation ("Confirmation Hearing") of the *Debtor's Fifth Amended Plan of Reorganization Dated as of October 25, 2013*, was held on February 10, 2014, at 2:00 p.m., before the Honorable Robert J. Faris, United States Bankruptcy Judge, District of Hawaii.  Appearances were noted on the record.   During the Confirmation Hearing, the Court approved the Debtor's *Fifth Amended Chapter 11 Plan of Reorganization Dated October 25, 2013* (the "Plan").

1

Having considered all of the pleadings filed in support of and in opposition to confirmation, including the Plan[1] and based on the record in the Chapter 11 Case and related adversary proceedings, the arguments and representations of counsel and the Declaration of the Debtor, and good cause appearing, the court now makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. <u>Findings and Conclusions</u>. This constitutes the Court's conclusions of law, and the findings set forth herein constitute the Court's findings of fact pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2. <u>Judicial Notice</u>. The Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed herein and in the related adversary proceedings, all orders entered, and all evidence and arguments made, proffered, adduced and/or presented (and not subsequently withdrawn) at the hearings held before the Court during the pendency of the Chapter 11 Case.

---

[1] Capitalized terms not herein defined shall have the meaning set forth in the Plan.

2

3. <u>History and Background Regarding the Debtor</u>. The Debtor has resided in Hawaii since 1963 and developed numerous properties on Oahu and on the mainland.

4. <u>Commencement of Chapter 11 Case</u>. On December 6, 2010, the Debtor commenced this case by filing a voluntary petition for reorganization under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Hawaii.

5. <u>Disclosure Statement and Solicitation of Plan</u>.

a. On December 17, 2012, the Debtor filed his *Second Amended Chapter 11 Plan of Reorganization Dated December 17, 2012* (the "Second Amended Plan") and a related Disclosure Statement.

b. On February 19, 2013, the Court entered an *Amended Order Approving Debtor's Motion for Order Approving Disclosure Statement for [Plan], Balloting Procedures and Scheduling Deadlines* (the "Solicitation Order") which, among other things, (a) approved the Disclosure Statement to the Second Amended Plan pursuant to Bankruptcy Code section 1125 and Bankruptcy Rule 3017; and (b) established and May 20, 2013 as the confirmation hearing.

c. In accordance with the Solicitation Order, the following items were transmitted (a) the Disclosure Statement, (b) the Confirmation

3

Hearing Notice (as defined in the Solicitation Order), and (c) with respect to those creditors in classes entitled to vote under the Plan and the Solicitation Order, a Ballot (as defined in the Solicitation Order). All of said documents were transmitted on or before February 8, 2013 to the appropriate parties. Such service was adequate and proper as provided by Bankruptcy Rule 3017(d), and no other or further notice is or shall be required.

d. On May 1, 2013, the Debtor filed the *Declaration of Allison A. Ito Regarding Tabulation of Ballots in Support of Confirmation of Debtor's Second Amended Plan*, attesting and certifying the method and results of the ballot tabulation for the Classes of Claims entitled to vote to accept or reject the Plan. Votes to accept and reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order.

e. On May 17, 2013, the Debtor filed his *Third Amended Chapter 11 Plan of Reorganization*. The Debtor modified the Second Amended Plan by, among other things (a) adding a 90-day period between the "Confirmation Date" and the "Effective Date;" (b) providing for extinguishment of the disputed secured claims allegedly secured by

4

the first and second mortgages recorded against the Debtor's Residence; and (c) and correcting the name of the claimants in Classes 6A and 6B (secured creditors of the San Jose property).

f. On May 20, 2013, the Debtor filed his *Motion for Determination That (a) Votes Cast With Respect to Second Amended Plan Shall be Deemed Cast With Respect to Third Amended Plan and (b) That Disclosure and Solicitation With Respect to Third Amended Plan is Unnecessary* (the "Determination Motion"). In the Determination Motion, the Debtor requested an order deeming votes cast with respect to the Second Amended Plan be deemed cast as to the Third Amended Plan and determining that re-solicitation of votes and further disclosure with respect to the Third Amended Plan not be necessary.

g. On June 14, 2013, the Debtor filed his *Fourth Amended Chapter 11 Plan of Reorganization* which contained several minor modifications, including to the treatment of Class 9 to specify that "Holders of Class 9 claims who are joint creditors of the Debtor and his spouse, Judith Moran, shall retain all rights and remedies that they may have" against them and T/E properties."

h. On October 25, 2013, the Debtor filed the Plan whereby the Debtor

5

amended the Fourth Amended Plan to, among other things (a) provide for the commencement of the US Bank Adversary by October 31, 2013, and the cure and reinstatement of the First Note if US Bank Claim is Allowed; (b) delete the Class 2 "Disputed Northern Pacific Second Mortgage Claim" and two classes of secured creditors who were paid when the San Jose Property was sold in October, 2013; (c) provide for a uniform date of January 1, 2014 for the various notes contemplated in the Watts Settlement Agreement; and (d) delete a prior amendment which provided for a 90-day delay between Confirmation Date and Effective Date.

    i.    On November 18, 2013, the Debtor filed his *Confirmation Brief for Debtor's Fifth Amended Chapter 11 Plan of Reorganization dated as of October 25, 2013*.

    6.    <u>Notice was Adequate and Timely</u>. All parties required to be provided notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Plan) have been given due, proper, timely and adequate notice in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order, and have had an opportunity to appear and be heard with respect thereto. No other or further notice is required.

7. <u>Plan Need Not Resolicited</u>. The votes cast with respect to the Second Amended Plan shall be deemed cast as to the Plan and re-solicitation of votes and further disclosure with respect to the Plan shall not be necessary.

8. <u>Bankruptcy Code Requirements for Confirmation and Classification</u>. In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates nine (9) Classes of Claims (inclusive or subclasses) and one Class of Equity Interests. The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests, as the case may be, in each such Class. Valid business, factual and legal reasons exist for separately classifying the various classes of claims and Interests created under the Plan.

    a. The Plan specifies that Classes 1, 5, 7, and 8 are not impaired, thereby satisfying section 1123(a)(2) of the Bankruptcy Code. Said Classes are deemed to have accepted the Plan because they are not impaired under the Plan.

    b. The Plan designates that Classes 3, 4A-4F, 9, 10 and 11, are impaired and specifies the treatment of Claims in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

    c. The interest of the existing equity holder of Debtor (Class12) will be preserved under the Plan and Class 12 is deemed to have accepted the Plan.

d. Votes to accept and reject the Plan have been solicited from creditors holding Claims in Classes 3, 4A-4F, 9, 10 and 11. Such votes were solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Order, and industry practices.

e. As set forth in the Ballot Tabulation, Classes 4A through 4F, and Classes 8 and 10 voted to accept the Plan. Class 3 voted to reject the Plan.

f. The holders of Allowed Secured Claims in Classes 1, 3, 4A-4F, 5, 7 and 8 will receive at least as much as they would receive in a case under chapter 7 with respect to those Secured Claims. The treatment of Classes 1, 3, 4A-4F, 5, 7 and 8 is fair and equitable and does not unfairly discriminate against said Classes. The holders of claims in Classes 1, 3, 4A-4F, 5, 7 and 8 will retain their respective liens under the Plan and will receive deferred cash payments totaling at least the allowed amount of their respective claims as of the Effective Date of the Plan, or upon allowance of their claims.

g. The holders of Allowed General Unsecured Claims will receive substantially more than they would receive in a case under chapter 7 liquidation. Under the Plan, Class 9 will receive 100% of their

Allowed Claims with interest at the rate of three percent (3%) per annum in twelve (12) quarterly installments, beginning on the one year anniversary of the Effective Date. As a result, holders of Allowed Class 9 Claims will receive more under the Plan than they would receive in a chapter 7 liquidation.

    h.    The Debtor will retain his Equity Interests under the Plan.

    9.    <u>Adequate Means for Implementation</u>. The Plan provides adequate and proper means for the Plan's implementation. The Debtor has demonstrated adequate assurance of future performance with respect to any assumed agreements and leases. No party to an executory contract has objected to the Plan or the assumption or assignment of any executory contract or lease.

    10.    The Debtor has the burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of evidence, and has done so as set forth herein.

## CONCLUSIONS OF LAW

    1.    <u>Exclusive Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a))</u>. This Court has jurisdiction over the Debtor's Chapter 11 Case and the confirmation of the Plan pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court has

U.S. Bankruptcy Court - Hawaii   #10-03696   Dkt # 619   Filed 03/17/14   Page 9 of 17

jurisdiction to enter a final order with respect thereto. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. <u>Section 1129(a)(1)</u>. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a) of the Bankruptcy Code.

    (a)     The Plan properly places substantially similar claims in each class and designated such classes of claims, thereby satisfying sections 1122 and 1123(a)(1) of the Bankruptcy Code;

    (b)     The Plan specifies the treatment of each Class that is not impaired, thereby satisfying section 1123(a)(2);

    (c)     The Plan specifies the treatment of each Class that is impaired, thereby satisfying section 1123(a)(3);

    (d)     The Plan provides for the same treatment for each claim or interest in a particular Class, unless the holder thereof agrees to a less favorable treatment, thereby satisfying section 1123(a)(4);

    (e)     The Plan provides for the adoption and implementation of all actions necessary to implement the Plan and the execution of all documents and the implementation of all actions as required with respect to, and in accordance with the Plan provisions, thereby satisfying section 1123(a)(5);

    (f)     Sections 1123(a)(6) and 1123(a)(7) do not apply to the

U.S. Bankruptcy Court - Hawaii   #10-03696   Dkt # 619   Filed 03/17/14   Page 10 of 17

Debtor;

(g) The Plan provides for the payment of a the Debtor's future income, thereby satisfying section 1123(a)(8);

(h) The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code; and

(i) The Plan is dated and identifies the entities submitting it as proponents, thereby satisfying Bankruptcy Rule 3016(a).

3. Section 1129(a)(2). The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

(a) The Debtor is a proper debtor under section 109 of the Bankruptcy Code;

(b) The Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Bankruptcy Court; and

(c) The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order in transmitting the Plan, the Disclosure Statement, the Ballots, and related documents and notices and in soliciting and tabulating votes on the Plan.

11

4. <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>. The other provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b) of the Bankruptcy Code. The failure to specifically address a provision of the Bankruptcy Code in this Order shall not diminish or impair the effectiveness of this Order.

5. <u>Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. Except as otherwise provided or permitted by orders of the Court, the Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Solicitation Order, thereby complying with section 1125 with respect to the Disclosure Statement and the Plan.

6. <u>Plan is Proposed in Good Faith (11 U.S.C. § 1129 (a)(3))</u>. The Debtor has proposed the Plan (including all documents necessary to effectuate the Plan) in good faith and not by any means forbidden by law, thereby complying with section 1129(a)(3) of the Bankruptcy Code. The Debtor's good faith is evident from the record of the Chapter 11 Case and related adversary proceedings, including the record of the hearing to approve the Debtor's Disclosure Statement, the record of the Confirmation Hearing, and other proceedings held in connection with the Chapter 11 Case. The Plan is based upon extensive, negotiations between and among the Debtor and other parties in interest. Moreover, the Plan accomplishes the goals of maximizing the Debtor's estate and equitable distribution of the

U.S. Bankruptcy Court - Hawaii   #10-03696   Dkt # 619   Filed 03/17/14   Page 12 of 17

Debtor's assets. Accordingly, the Plan and has been filed in good faith and the Debtor has satisfied his obligations under section 1129(a)(3).

7. <u>Payments Under Plan are Reasonable (11 U.S.C. § 1129(a)(4))</u>. All payments made or to be made by the Debtor for services or for costs and expenses in connection with the Chapter 11Case, or in connection with the Plan and incident to the Chapter 11 Case, have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

8. <u>11 U.S.C. §§ 1129(a)(5).</u> Section 1129(a)(5) of the Bankruptcy Code is not applicable to the Debtor because the Debtor is an individual.

9. <u>11 U.S.C. §§ 1129(a)(6).</u> Section 1129(a)(6) of the Bankruptcy Code is not applicable to the Debtor.

10. <u>Liquidation Analysis Provided (11 U.S.C. §§ 1129(a)(7)).</u> The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analyses provided in the Disclosure Statement (a) are persuasive and credible, (b) have not been controverted by other evidence, and (c) establish that each holder of a Claim in an impaired Class either has accepted the Plan or will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date, that is not less than the amount that holder would receive or retain if each Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

13

11. <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>. Classes 1, 5, 7 and 8 are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. Classes 4A-4F and Classes 8 and 10 have voted to accept the Plan in accordance with sections 1126(e) and (d) of the Bankruptcy Code. Therefore, the Plan satisfies Section 1129(a)(8).

12. <u>Treatment of Administrative Expense Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9))</u>. The treatment of Administrative Expense Claims and Priority Tax Claims satisfies the requirements of sections 1129(a)(9) of the Bankruptcy Code, as applicable.

13. <u>Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10))</u>. At least one Class of Claims against Debtor that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by an insider, thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code. Class 2 satisfies this requirement.

14. <u>Feasibility (11 U.S.C. § 1129 (a)(11))</u>. The evidence proffered, adduced, or presented prior to and at the Confirmation Hearing (a) is persuasive and credible, and (b) establishes that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor, thus satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

U.S. Bankruptcy Court - Hawaii   #10-03696   Dkt # 619   Filed 03/17/14   Page 14 of 17

15. <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>. As required pursuant to the Plan, all fees payable under section 1930 of title 28 of the United States Code have been or will be paid on the Effective Date, or as soon thereafter as is practicable, thereby satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

16. <u>Payment of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>. Bankruptcy Code section 1129(a)(13), which requires a plan to provide for the continuation of payment of all "retiree benefits" (as defined in Bankruptcy Code § 1114(a)), is inapplicable in the instant case as the Debtor does not have any such obligations.

17. <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, as such satisfying the requirements of section 1129(d) of the Bankruptcy Code.

18. <u>Satisfaction of Confirmation Requirements</u>. Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

19. <u>Good Faith</u>. The Debtor and all of his respective attorneys and representatives, (i) have acted in good faith in negotiating, formulating and confirming the Plan, and (ii) will be acting in good faith in proceeding to (a) consummate the Plan and the agreements, compromises, settlements, transactions,

and transfers contemplated thereby or incorporated therein and (b) take the actions authorized and directed or contemplated by the Plan.

20. <u>Injunction, Exculpation, and Releases</u>.  The Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the injunction, releases, and exculpations set forth in the Plan.  Such provisions, in accordance with section 105(a) of the Bankruptcy Code, (i) are essential to the formulation and implementation of the Plan, as provided in section 1123 of the Bankruptcy Code, (ii) confer substantial benefits on the Debtor's estate, (iii) are fair and reasonable and (iv) are in the best interests of the Debtor, its estate, and parties in interest.  Further, the exculpations and releases in the Plan do not relieve any party of liability for an act or omission to the extent such act or omission is determined to have constituted willful misconduct or gross negligence or the other exceptions set forth therein.

21. <u>Entry of Confirmation Order</u> Based on the foregoing findings and conclusions, it is appropriate for the Court to enter the Confirmation Order.

END OF ORDER

APPROVED AS TO FORM:


/s/ Cynthia M. Johiro
Cynthia M. Johiro, Esq.
Attorney for State of Hawaii,
Department of Taxation

U.S. Bankruptcy Court - Hawaii   #10-03696   Dkt # 619   Filed 03/17/14   Page 16 of 17

/s/ Yuklin Aluli
Yuklin Aluli, Esq.
Attorney for Gerald Watts, Successor Trustee Under the Last Will and Testament of Manuel Guerreiro, Deceased, by S.P. No. 86-0107, as Special Administrator of the Estate of Nuha Kahalewai, Deceased, and Special Administrator of the Estate of Nana Kahalewai, Deceased


/s/ James N. Duca
James N. Duca, Esq.
Attorney for James N. Duca individually
and as Trustee of the Kessner Umebayashi Bain
& Matsunaga 401K PSP fbo James Duca

Submitted by:

WAGNER CHOI & VERBRUGGE
CHUCK C. CHOI
ALLISON A. ITO
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Facsimile: (808) 566-6900
cchoi@hibklaw.com
aito@hibklaw.com

Attorneys for ROBERT N. MORAN
Debtor and Debtor-in-Possession